The defendant, Edna Jean House, appeals from a declaratory judgment entered on a jury verdict finding that for purposes of intestate succession, a relationship of parent and child was established under § 43-8-48(2)(b), Ala. Code 1975, between the plaintiff, James R. Campbell, Jr., and Jeannie Louise House, a deceased minor. Campbell brought this action to establish a relationship of parent and child in order to inherit a one-half share of the monies from a settlement in a wrongful death action brought by Edna House, as administratrix of the estate of Jeannie House. The issue is whether the relationship of parent and child was established for purposes of intestate succession under § 43-8-48(2)(b).
Jeannie Louise House was the daughter of Edna Jean House and James R. Campbell, Jr. At the time of Jeannie's birth, Edna and Campbell were not married. Between 1967 and 1975, Campbell, Edna, and Jeannie lived together in Louisiana, either by themselves or with other members of the Campbell family. There was testimony that while Campbell, Edna, and Jeannie were living in Louisiana, Campbell supported Jeannie when he was working, and that when he was not they stayed with, and were supported by, Campbell's parents. Campbell and his mother both testified that when he did work, he would reimburse his parents for supporting Jeannie during those periods when he was not working. Campbell's sister and nephew also testified that when he could, Campbell gave Jeannie clothes and money.
In 1975 Edna and Jeannie moved to Selma, Alabama, to live with Edna's sister. Campbell testified that when Edna and Jeannie moved to Selma, he and Edna entered into an informal custody and visitation agreement by which Edna was to have primary custody and Campbell was to have a right to visitation during summers and holidays. Edna testified that she did not recall Campbell's sending Jeannie any money after she and Jeannie moved to Selma in 1975. Campbell, however, testified that Edna never demanded or requested child support payments after she and Jeannie moved to Selma.
In December 1986, Jeannie was killed in an automobile accident in Montgomery, Alabama. As administratrix of Jeannie's estate, Edna brought a wrongful death action in the Montgomery County Circuit Court. While that wrongful death action was pending in Montgomery, Campbell brought this action in the Dallas County Circuit Court, seeking a judgment declaring that a parent and child relationship existed between him and Jeannie for purposes of intestate succession. Edna answered, alleging, inter alia, that Campbell had failed to support Jeannie during her *Page 450 
lifetime and that he was not entitled to inherit from Jeannie because no parent and child relationship existed between her and Campbell under Ala. Code 1975, § 43-8-48. After a trial, the jury returned a verdict in favor of Campbell.
Section 43-8-48 provides, in pertinent part:
 "If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:
". . . .
 "(2) In cases not covered by subdivision (1) of this section, a person born out of wedlock is a child of the mother. That person is also a child of the father, if:
". . . .
 "b. The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, but the paternity established under this paragraph is ineffective to qualify the father or his kindred to inherit from or through the child unless the father has openly treated the child as his, and has not refused to support the child."
Conceding that Campbell proved that he treated Jeannie openly as his own child, Edna argues that Campbell failed to prove that he did not refuse to support Jeannie. Edna contends that "support" connotes a degree of regular contribution to the financial and other material needs of a child and that the evidence of the sporadic or occasional financial contributions made by Campbell to Jeannie's support was insufficient to prove that Campbell supported her.
A determination of paternity under § 43-8-48(2)(b) is ineffective unless the father openly treated the child as his own and did not "refuse" to support the child. Edna's argument ignores the distinction, implicit under § 43-8-48(2)(b), between a refusal to provide support and a failure to do so. Although the record undisputedly shows that for much of Jeannie's life Campbell failed to meet his natural and legal obligation as a parent to contribute to her support, there is no evidence that he refused to contribute to her support.
In his charge, the circuit judge stated:
 "Now, the court charges the jury that the burden of proof in this case is upon the Plaintiff James R. Campbell, Jr., to establish that he openly treated Jeannie Louise House as his child and that he did not refuse to support the child.
 "Now, 'refusal' is defined as follows: to deny, decline, reject. 'Fail' is distinguished from 'refuse' in that 'refuse' involves an act of the will, while 'fail' may be an act of inevitable necessity."
Although Edna does not challenge the propriety of this charge, which was requested by Campbell, we quote it here to emphasize the distinction under § 43-8-48(2)(b) between "refuse" and "fail" and to note that the jury was instructed on the distinction and presumably followed this portion of the circuit judge's charge in reaching its verdict.
Because there was ample evidence in the record that, although Campbell often failed to contribute to Jeannie's support, he did not refuse to do so, we affirm the judgment entered in favor of James R. Campbell, Jr.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.